## T. G. Vance et al., Plaintiffs in Error, v. Isabel Mac-Lean, Defendant in Error.

### Gen. No. 19,471.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. DAVID SULLI-VAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed April 28, 1915.

### Statement of the Case.

Action in the Municipal Court by T. G. Vance, G. H. Harte and Mrs. George H. Williams, a copartnership, against Isabel MacLean to recover $30 for office rent for February and March, 1912, claiming that under her agreement with plaintiffs the rental and expenses of the office were to be borne *pro rata,* and that the amount she had already paid exceeded, so far as her *pro rata* share was concerned, the total of such expenses by $50. A judgment was rendered in her favor on her set-off for $34.03, to reverse which plaintiffs prosecute error.

THEODORE H. WUNDERLICH, for plaintiffs in error; JOHN H. KANE, of counsel.

MORSE IVES, for defendant in error.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

### Abstract of the Decision.

1. MUNICIPAL COURT OF CHICAGO, § 8*—*when has jurisdiction over an accounting.* An affidavit of defense in an action for rent, setting up an agreement which, if true, involved an inquiry in the nature of an accounting between the plaintiff and the defendant, if it arises on a book account, may properly be heard and determined by the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Municipal Court in an action of the fourth class and under section 17 of an act in regard to actions on account (J. & A. ¶ 43), and section 2 of the Municipal Court Act (J. & A. ¶ 3314) and it is not improper to refuse to strike the same from the files on the motion of the plaintiff that it does not state facts sufficient to constitute a cause of action.

2. MUNICIPAL COURT OF CHICAGO, § 8*—*when action based on a book account.* Where the plaintiffs in an action for the recovery of a certain sum of money relied upon a book account kept by them, the action may properly be considered as an action on book account permitting an accounting in a fourth-class action in the Municipal Court.

3. LANDLORD AND TENANT, § 463*—*what is effect of forfeiture.* Where the lessors first broke the agreement with the lessee, by compelling her to vacate the premises at the end of the eleventh month, they cannot demand a forfeiture of her right under the agreement because she failed to pay a rental for the twelfth month.